

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JASON STANFORD, dba ) <br> MOTOR CARRIER #1476454 ) <br> ROLLIN' SMOKE AT THE ATTACHE ) <br> ) <br> PLAINTIFF, ) <br> ) <br> V. ) <br> ) <br> SPENCER FANE, LLP ) <br> ENGLAND CARRIER SERVICS, LLC ) <br> ENGLAND LOGISTICS, LLC ) <br> CR ENGLAND, INC. ) <br> NFUSION CAPITAL FINANCE, LLC ) <br> DEFENDANTS, ) | CIVIL ACTION NO. <br><br> 3-24CV0443-E |

## COMPLAINT OF FRAUD AND TORTIOUS INTERFERENCE WITH A PROSPECTIVE ECONOMIC ADVANTAGE

COMES Now, Plaintiff Pro se and makes his complaint of fraud and tortious interference with a prospective economic advantage against these joint defendants and in support of said complaint Plaintiff states the following.

PARTIES

1. PLAINTIFF Jason Stanford d/b/a Rollin' Smoke at the Attache is a resident of the State of Texas. Plaintiff's current address is 5324 Carnaby St apt. 179, Irving, (Dallas County) Texas 75038. Plaintiff's

address at the time of the first issue complained in this action was 5756 Jillian Way, Grand Prairie, (Tarrant County) Texas 75052, actions of the defendants have continued until current date.

2. DEFENDANT Spencer Fane Limited Liability Partnership registered in the State of Missouri with a principal address of 1000 WALNUT ST STE 1400 KANSAS CITY, MO 64106 and may be served by its registered agent Spenserv, Inc. located at the same physical address.

3. DEFENDANT England Carrier Services, LLC is a limited liability corporation and has a location address of 1325 S 4700 W, Salt Lake City,(Salt Lake County)  UT  84104 and may be served by its registered agent Corporation Service Company d/b/a CSC Lawyers Incorporated Service Company at 15 West South Temple, suite 600 Salt Lake City, Utah 84101.  According to Utah Secretary of State England Carrier Services, LLC Business Entity #9520104-0160 is a sole member LLC that lists England Logistics, Inc.  as its sole member. England Carrier Services, LLC is owned by England Logistics, Inc. which is a wholly-owned subsidiary of C.R. England, Inc. C.R. England, Inc. is not a publicly held nor a publicly traded entity; and, there is no publicly traded corporation that owns ten percent or more of the stock of England Logistics, Inc. or C.R. England, Inc. - None

## JURISDICTION AND VENUE

4. Pursuant to 28 U.S.C. § 1332(a), this Court has diversity subject matter jurisdiction of these parties and the actions that compose these claims.

5. Venue is proper in this district pursuant to under 28 USC § 1391(a) (2), 18 U.S.C. 1341.

6. Plaintiff Motor Carrier #1476454 is an independently owned tucking / transportation entity.

7. Joint defendants are a factoring company and the law firm that represents them in two civil actions.

8. Plaintiff has never entered into any valid original contractual relationship for any purpose with any of the joint defendants.

9. Plaintiff has never accepted value given for the transfer, finance, funding or purchase of any invoice from the joint defendants.

10. Joint defendants have never filed a financial statement with the Texas Secretary of States office in effort to "attach" or "perfect" a security interest in any invoices or property or collateral of the Plaintiff.

11. Joint defendants have never been assigned any valid contracts which would stand as an authority to provide factoring services to the Plaintiff.

12. By use of documents entitled, Notice of Assignment and Notice of Reassignment, Joint Defendants have intentionally purported a false representation of being the contracted factoring company of the Plaintiff.

13. Joint Defendant's tendering of their Notice of Assignment or Notice of Reassignment to freight brokers, payment processors or other transportation industry sources and businesses falsely represents the fact that Joint Defendants hold a primary security interest in invoices and collateral of the Plaintiff.

13. The Joint defendants know that the effect of a UCC-1 financing statement is to perfect a creditor's security interest in a debtor's assets as a legal standing for acquiring priority over unperfected security interests and lien-holders.

14. Third party freight brokers King of Freight, LLC and GlobalTranz Enterprises, LLC have relied upon the false representations of joint defendants documents to their detriment as both freight brokers justified breach of their rate confirmation and broker-carrier agreement contracts to compensate the Plaintiff for services rendered in hauling and delivering their cargo.

15. False representations of joint defendants' documents have been relied upon to induce third party freight brokers to breach broker-carrier agreement and rate confirmation contracts with Plaintiff.

16. False representations of joint defendants' documents have been relied upon to induce a freight broker King of Freight, LLC to provide a perjured declaration in a civil defense in the district court of Dallas, County Texas case number DC 23-16349.

17. False representation of joint defendants' documents have been relied upon to induce a freight broker GlobalTranz Enterprises, LLC to provide a false affirmative defense in the district court of Dallas, County Texas case number DC 23-16350.

18. Fraud and false representation of joint defendants' documents have deprived the plaintiff of the expectation of the economic advantage to contract with the preferred factoring company of its choice.

19. To accomplish their ultimate goal of obstructing the Plaintiff from enjoying and employing his right to operate as a motor carrier, joint defendants have intentionally and maliciously interfered with Plaintiff's right to conduct business by the fraud and false representation of joint defendants' documents.- Notice of Reassignment and Notice of Assignment.

20. To accomplish their ultimate goal of obstructing the Plaintiff from enjoying and employing his right to operate as a motor carrier, joint defendants have maliciously proffered their documents to third party companies for the express purposes of depriving the Plaintiff the opportunity to factor invoices and bills of lading with other factoring companies.

21. To accomplish their ultimate goal of obstructing the Plaintiff from enjoying and employing his right to operate as a motor carrier, joint defendants have knowingly interfered with the Plaintiff's ability to finance invoices and generate operational revenue of the business.

22. All the Plaintiffs have acted unlawfully and with a blatant disregard for the natural and probable consequences of joint defendants intentional and malicious interference with Plaintiff's prospective economic advantage to contract with a factoring company of his choice resulted in the insolvency of financial infrastructure of motor carrier #1476454 Rollin' Smoke at the Attache.

23. All defendants know that Plaintiff terminated his Account Purchase and Security Agreement with nFusion Capital Finance, LLC on July 14, 2023 as result of nFusion's repudiation and material breach of the contract.

24. nFusion Capital Finance, LLC has not ever submitted UCC-3 termination/modification filing with the State of Texas Secretary of States Office as of February 22, 2024.

25. As an attorney Lauren Nelson of Spencer Fane, LLP knows as a matter of law; Villa v. Alvarado State Bank , 611 S.W.2d 483, 486–87 (Tex. Civ. App.–Waco 1981, no writ). "A proper security agreement is a requisite for attachment of the security interest ... and a proper financing statement is a requisite for perfection of the security interest; both attachment and perfection are

necessary for the enforcement of the ... security interest against a third party ...." Id. ; see alsoFirst Valley Bank of Los Fresnos v. Martin , 144 S.W.3d 466, 472 n.25 (Tex. 2004).

26. As an attorney Lauren Nelson of Spencer Fane, LLP knows as a matter of law, pursuant to Tex. Bus. & Com.Code § 9.203(g) ("The attachment of a security interest in a right to payment or performance secured by a security interest or other lien on personal or real property is also attachment of a security interest in the security interest, mortgage, or other lien."); Campbell v. Mortg. Elec. Registration Sys., Inc., No. 03–11–00429–CV, 2012 WL 1839357, at *4 (Tex.App.–Austin May 18, 2012, pet. denied) (mem.op.).

27. As an attorney Lauren Nelson of Spencer Fane, LLP knows as a matter of law, a security interest does not attach until it has been signed, value has been given, and the debtor has rights in the collateral. § 9.203(a) Tex.Bus. Comm Code Ann. (Vernon Supp. 1980).

28. Joint defendants have never financed or held a primary security interest in property or collateral owned by the Plaintiff.

29. Joint defendants intentional and malicious interference is not justified and there is no excuse for said conduct and the purpose of the conduct is to impede the Plaintiff from factoring his invoices with another firm.

30. Joint defendants attempted to unduly influence the Plaintiff to contract its company England Carrier Services, LLC as a factoring service provider in July 2023.

31. Joint defendants know or should know that duress, like fraud and mistake, may completely prevent the mutual assent necessary for the formation of a contract or sale, or it may be merely a ground for setting aside a bargain because the expression of mutual assent thereto was improperly obtained.

32. Joint defendants have falsely claimed a right to provide factoring services to the Plaintiff in civil cases filed US District Court and District Court of Dallas, County State of Texas.

33. Evidence of the malicious and intentional acts of joint defendants lies in the bolded and completely capitalized verbiage that seeks to draw the immediate attention of any reader the plainly states, "**UNDER NO CIRCUMSTANCES SHOULD PAYMENT BE MADE DIRECTLY TO THE CARRIER.** "

34. Joint defendants malicious and intentional actions seek to deprive and obstruct the Plaintiff from utilizing alternative means of QuickPay, ComData check or other payment systems.

35. As an attorney Lauren Nelson of Spencer Fane, LLP knows as a matter of law, § 9.203(b) Tex.Bus. Comm Code Ann. (Vernon Supp 2009) (security interest is enforceable against debtor

and third parties with respect to collateral when value has been given, debtor has rights in collateral, and debtor authenticates security agreement that provides description of collateral).

36. Joint defendants have civilly conspired with third party nFusion Capital Finance, LLC to produce documents that are the tools by which Joint Defendants used to effect their fraud and tortious interference with a prospective economic advantage as revenge for Plaintiff terminating the Account Purchase and Security Agreement subsequent to nFusion's repudiation and material breach of the contract.

37. As an attorney Lauren Nelson of Spencer Fane, LLP knows as a matter of law, the definition of civil conspiracy under Texas law: "a civil conspiracy is a combination by two or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means." Firestone Steel Prods. Co., 927 S.W.2d at 614.

38. Defendant Spencer Fane through legal representation has provided excuse and subterfuge through written correspondence as a smoke screen for co-defendants wrong doings.

39. With the guidance of Lauren Nelson, defendants, ECS, EL and CRE continued to misrepresent a a claim that ECS held a security interest in the invoices of motor carrier #1476454 Rollin' Smoke at the Attache for months after the FMCSA operating authority was revoked.

40. Joint defendants continued to falsely represent a security interest in the assets, property and collateral of motor carrier #1476454 Rollin' Smoke at the Attache after the FMCSA authority was revoked for the purpose of obstructing re-instatement of the authority which is requisite to re-establishment of the business.

41. As an attorney Lauren Nelson of Spencer Fane, LLP knows as a matter of law, the UCC comment's definition of repudiation, requires "an overt communication of intention or an action" that either renders performance impossible or demonstrates clear (i.e., unequivocal) intention not to perform. Compare Tex. Bus. & Com. Code § 2.610 cmt. 1, with Oler v. B-A Homes, Inc. , No. 03-99-00714-CV, 2000 WL 1508502, at *4 (Tex. App.—Austin Oct. 12, 2000, no pet.) (not designated for publication) (explaining that repudiation "is conduct that shows a fixed intention to abandon, renounce and refuse to perform the contract." (citing Group Life & Health Ins. Co. v. Turner , 620 S.W.2d 670, 673 (Tex. App.—Dallas 1981, no writ) ))."

42. As an attorney Lauren Nelson of Spencer Fane, LLP knows as a matter of law, Texas Disciplinary Rule of Professional Conduct 4.01 provides that in the course of representing a client, a lawyer shall not knowingly (a) make a false statement of material fact or law to a third person; or (b) fail to disclose a material fact to a third person when disclosure is necessary to avoid making the lawyer a party to a criminal act or knowingly assisting a fraudulent act perpetrated by a client.

43. Lauren Nelson has made several written false statements claiming that England Carrier Services, LLC has held a security interest in the payment for freight charges of King of Freight, LLC load number 2179348.

44. As an attorney Lauren Nelson of Spencer Fane, LLP knows as a matter of law, a security interest is perfected when it has attached and when all the applicable steps required for perfection have been taken. TEX. BUS. COM. CODE ANN. § 9.303 (a) (Vernon Supp. 1998). A security interest attaches when 1) the debtor signs a security agreement containing a description of the collateral; 2) the secured party gives value for the security interest; and 3) the debtor obtains rights in the collateral. TEX. BUS. COM. CODE ANN. § 9.203 (b) (Vernon 1991); Fisher v. First Nat'l Bank of Memphis, 584 S.W.2d 515, 516 (Tex.Civ.App.-Amarillo 1979, no writ); Borg-Warner Acceptance Corp. v. Wolfe City Nat'l Bank, 544 S.W.2d 947 (Tex.Civ.App.-Dallas 1976, no writ). Additionally, to perfect a security interest the financing statement must be filed in the appropriate place. See TEX. BUS. COM. CODE ANN. § 9.302 (a) (Vernon Supp. 1998), and § 9.401 (a) (Vernon 1991). "

45. As an attorney Lauren Nelson of Spencer Fane, LLP knows as a matter of law, a security agreement is not enforceable and does not attach to collateral unless (1) value has been given, (2) the debtor has rights in the collateral, and (3) the collateral is in the secured party's possession or the debtor has signed a security agreement which contains a description of the collateral. Tex.Bus. Comm. Code Ann. § 9.203(a) (Vernon Supp. 1985). Unicut, Inc. v. Tex. Commerce Bank-Chemical, 704 S.W.2d 442, 444 (Tex.App.-Corpus Christi 1986, writ ref'd n.r.e.).

46. Lauren Nelson knows that England Carrier Services, LLC has never given value to the Plaintiff for King of Freight, LLC load #2179348.

47. Lauren Nelson knows that England Carrier Services, LLC has never given value to the Plaintiff for GlobalTranz Enterprises, LLC load #27264720.

48. Lauren Nelson knows that England Carrier Services, LLC has never given value to the Plaintiff for Priority 1, Inc load #60105451645.

49. Lauren Nelson knows that England Carrier Services, LLC has never given value to the Plaintiff for Trident Transport, LLC load #0538683.

50. Lauren Nelson knows that England Carrier Services, LLC has never given value to the Plaintiff for Dunamis, LLC load #13299754.

51. Lauren Nelson knows that England Carrier Services, LLC has never given value to the Plaintiff for AH Brokerage load #AH5492.

52. As an attorney Lauren Nelson of Spencer Fane, LLP knows as a matter of law, "A lawyer shall not assist or counsel a client to engage in conduct that the lawyer knows is criminal or fraudulent." Tex. Disciplinary Rules Prof'l Conduct R. 1.02(c).

53. Lauren Nelson of Spencer Fane, LLP represents both nFusion Capital Finance, LLC and England Carrier Services, LLC in Case No.D-1-GN-23-003974 filed int he 250th Division of the Circuit Court of Travis County, Texas and Case No 3:23-cv-02688 filed in the Dallas Division of the United States District Court - Northern District of Texas.

54. As an attorney Lauren Nelson of Spencer Fane, LLP knows that the statement, "*Accordingly, pursuant to the Agreement and Section 9-406 of the Uniform Commercial Code ("UCC"), ECS has been assigned and is entitled to payment and you must remit payment of any monies that you owe the above-listed carrier to ECS as such carrier has effectively assigned all of its current and future accounts receivable to ECS, including the accounts receivable for all current and future loads hauled for your company by the carrier. By its signature below, nFusion confirms that ECS has purchased and acquired nFusion's rights to receive payment from you for current and future accounts receivable for loads hauled for your company by the carrier,*" only describes rights to receive payments for accounts receivable.

55. As an attorney Lauren Nelson of Spencer Fane, LLP knows that the statement, "*Accordingly, pursuant to the Agreement and Section 9-406 of the Uniform Commercial Code ("UCC"), ECS has been assigned and is entitled to payment and you must remit payment of any monies that you owe the above-listed carrier to ECS as such carrier has effectively assigned all of its current and future accounts receivable to ECS, including the accounts receivable for all current and future loads hauled for your company by the carrier. By its signature below, nFusion confirms that ECS*

has purchased and acquired nFusion's rights to receive payment from you for current and future accounts receivable for loads hauled for your company by the carrier," is not consideration and cannot be conflated with the right to provide factoring services to the Plaintiff.

56. As an attorney Lauren Nelson of Spencer Fane, LLP knows that the statement, "Accordingly, pursuant to the Agreement and Section 9-406 of the Uniform Commercial Code ("UCC"), ECS has been assigned and is entitled to payment and you must remit payment of any monies that you owe the above-listed carrier to ECS as such carrier has effectively assigned all of its current and future accounts receivable to ECS, including the accounts receivable for all current and future loads hauled for your company by the carrier. By its signature below, nFusion confirms that ECS has purchased and acquired nFusion's rights to receive payment from you for current and future accounts receivable for loads hauled for your company by the carrier," does not equate to the fact that Plaintiff agreed to a transfer of factoring service providers from Nfusion to England.

57. As an attorney Lauren Nelson of Spencer Fane, LLP knows that the statement, "Accordingly, pursuant to the Agreement and Section 9-406 of the Uniform Commercial Code ("UCC"), ECS has been assigned and is entitled to payment and you must remit payment of any monies that you owe the above-listed carrier to ECS as such carrier has effectively assigned all of its current and future accounts receivable to ECS, including the accounts receivable for all current and future loads hauled for your company by the carrier. By its signature below, nFusion confirms that ECS has purchased and acquired nFusion's rights to receive payment from you for current and future accounts receivable for loads hauled for your company by the carrier," was fraudulently used

mislead freight brokers to conflate: (a) the England Carrier Services, LLC's purchase of outstanding receivables from invoices that had been funded by nFusion Capital Finance, LLC, with (b) transferring the status of being the contractor to factoring services ongoing for Plaintiff motor carrier #1476454 Rollin' Smoke at the Attache.

58. England Carrier Services, LLC knew their Notice of Reassignment was insufficient written authority to effect a modification of listing or enrollment of factoring services provider with freight broker Central Creek, LLC.

59. Joint defendants know to effect modification or transfer of the enrolled and listed factoring company, freight broker Central Creek, LLC required only one document, a simple Letter of Release.

60. As the attorney who represents nFusion Capital Finance, LLC in Case No. D-1-GN-23-003974 filed in the Circuit Court of Travis County, Texas, Lauren Nelson neglected to provide a timely answer to PLAINTIFF'S THIRD REQUEST FOR ADMISSIONS PROPOUNDED UPON NFUSION CAPITAL FINANCE, LLC.

61. As the attorney who represents England Carrier Services, LLC in Case No 3:23 CV 02688 filed in the United States District Court, Lauren Nelson neglected to provide a timely answer to PLAINTIFF'S REQUEST FOR ADMISSIONS UPON JUSTIN OLSEN

VP of LEGAL AND RISK MANAGEMENT FOR RESPONDENT ENGLAND CARRIER SERVICES, LLC

. As evidence of plaintiff's claims he has attached the following exhibits:

1. Notice of Reassignment

2. Notice of Assignment

3. nFusion Capital Finance, LLC Account Purchase and Security Agreement

4. UCC-1 nFusion Capital Finance, LLC dated 1/9/2023

5. State of Texas, Secretary of State, UCC report

6. England Carrier Services, LLC Account and Security Agreement

7. nFusion Capital Finance, LLC purchase report spreadsheet

8. Civil Answer Case No DC 23-16349

9. Email from TriumphPay to Rollin' Smoke at the Attache

10. Email from TriumphPay to Rollin' Smoke at the Attache

11. Email from TriumphPay to Rollin' Smoke at the Attache

12. Email from TriumphPay to Rollin' Smoke at the Attache

13. Email from TriumphPay to Rollin' Smoke at the Attache

14. Email from TriumphPay to Rollin' Smoke at the Attache

15. Email from TriumphPay to Rollin' Smoke at the Attache

16. Email from Lauren Nelson

17. Email from Lauren Nelson

18. Email from Lauren Nelson

19. Email to England Carrier Services, Tiffany Noble

20. Email to England Carrier Services, Tiffany Noble

21. Notice of Cease and Desist

22. State of Texas Office of Chief Disciplinary Counsel Grievance

23. Request for admissions Justin Olsen

24. Request for admissions nFusion Capital Finance, LLC

25. GlobalTranz Enterprises, LLC Original Answer Case No. DC 23-16350

26. Third Request for Admissions Case No. D-1-GN-23-003974

27. Plaintiff's request for admission upon Justin Olsen

WHEREAS Plaintiff has alleged the aforementioned elements of the civil grievance supported by documentary evidence and matters of undeniable law, he prays the Court award him an appropriate award of damages that he may recover from all of the natural and probable consequences that Plaintiff can show are the reasonable injuries and losses resulting from the wrongdoing of these joint and or severed defendants.

Respectfully submitted,

/s/ Jason Stanford
Jason Stanford
Plaintiff pro se
5324 Carnaby St. Apt 179
Irving, Texas 75038
972-809-7698
rollinsmoke24@gmail.com

# CIVIL COVER SHEET

JS 44 (Rev. 04/21) (TXND 4/21)

3:24CV0443-E

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
(blank)

**DEFENDANTS**
Spencer Fane, LLP, CR England, Inc., England Logistics,

**(b) County of Residence of First Listed Plaintiff:** Jason Stanford
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**County of Residence of First Listed Defendant:** Jackson, County Missouri
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) Attorneys** *(Firm Name, Address, and Telephone Number)*
pro se

**Attorneys** *(If Known)*

RECEIVED FEB 26 2024
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [x] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [x] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**TORTS - PERSONAL INJURY**
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Personal Injury - Medical Malpractice

**TORTS - PERSONAL INJURY**
- 365 Personal Injury - Product Liability
- 367 Health Care/Pharmaceutical Personal Injury Product Liability
- 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [x] 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**CIVIL RIGHTS**
- 440 Other Civil Rights
- 441 Voting
- 442 Employment
- 443 Housing/Accommodations
- 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 448 Education

**PRISONER PETITIONS - Habeas Corpus:**
- 463 Alien Detainee
- 510 Motions to Vacate Sentence
- 530 General
- 535 Death Penalty

**Other:**
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition
- 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- 625 Drug Related Seizure of Property 21 USC 881
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Management Relations
- 740 Railway Labor Act
- 751 Family and Medical Leave Act
- 790 Other Labor Litigation
- 791 Employee Retirement Income Security Act

**IMMIGRATION**
- 462 Naturalization Application
- 465 Other Immigration Actions

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 835 Patent - Abbreviated New Drug Application
- 840 Trademark
- 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- 375 False Claims Act
- 376 Qui Tam (31 USC 3729(a))
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit (15 USC 1681 or 1692)
- 485 Telephone Consumer Protection Act
- 490 Cable/Sat TV
- 850 Securities/Commodities/Exchange
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 893 Environmental Matters
- 895 Freedom of Information Act
- 896 Arbitration
- 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
18 U.S. Code § 1001 - Statements or entries generally

Brief description of cause:
Fraud and Tortious Interference with Prospective Economic Advantage

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- **DEMAND $**
- **CHECK YES only if demanded in complaint:**
- **JURY DEMAND:** [ ] Yes  [x] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
**JUDGE:** RUTHERFORD
**DOCKET NUMBER:** 3:23 CV 002688

**DATE:** February 22, 2024
**SIGNATURE OF ATTORNEY OF RECORD:** pro se

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____