IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JASON STANFORD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:24-cv-00443-E (BT) |
| | § | |
| SPENCER FANE LIMITED | § | |
| LIABILITY PARTNERSHIP et al., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The Court *sua sponte* questioned whether federal subject matter jurisdiction exists for this action and Defendant Spencer Fane LLP also filed a motion to dismiss due to lack of subject matter jurisdiction, among other reasons. Mot. (ECF No. 17). As explained below, Stanford fails to affirmatively and adequately plead facts to establish federal subject matter jurisdiction exists. Accordingly, the District Judge should DISMISS this civil action without prejudice for lack of subject matter jurisdiction.

**Background**

On February 26, 2024, *pro se* Plaintiff Jason Stanford filed this civil action against Defendants alleging various state law tort claims. *See* Compl. (ECF No. 3.). In his Complaint, Stanford alleges that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). *Id.* at ¶ 4. Upon reviewing the Complaint and Defendants England Carrier Service, LLC,

1

England Logistics, Inc., and C.R. England, Inc.'s Answer (ECF No. 13), the Court issued an order on April 5, explaining that Stanford fails to adequately allege diversity jurisdiction in his Complaint. Order (ECF No. 15); *see also Burciaga v. Deutsche Bank Nat'l Tr. Co.*, 871 F.3d 380, 384 n.4 (5th Cir. 2017) ("[The Court] is duty-bound to examine its subject-matter jurisdiction sua sponte."). The Court ordered Stanford to file an amended complaint establishing the Court's jurisdiction no later than April 25. Order 1, 5 (ECF No. 15).

After the Court's April 5 Order, Spencer Fane LLP filed a Motion to Dismiss due to lack of jurisdiction and for failure to state a claim (ECF No. 17). Specifically, Spencer Fane LLP argues that, because some of its partners are Texas citizens, there is not complete diversity of citizenship among the parties. *See* Def.'s Br. 10–11 (ECF No. 18). It supports this allegation with a sworn affidavit from a Spencer Fane LLP partner which asserts she is a "resident" of Texas. Def.'s App. (ECF No. 19). According to Stanford's Complaint, he also is a "resident" of Texas. Compl. ¶ 1 (ECF No. 3). Spencer Fane LLP further contends that Stanford failed to sufficiently plead an amount in controversy that exceeds the $75,000 jurisdictional threshold. *See* Def.'s Br. 11 (ECF No. 18).

In response to the Motion to Dismiss, the Court issued an order reiterating its instruction that Stanford file an amended complaint affirmatively and adequately pleading diversity jurisdiction. Order (ECF

2

No. 23). But the Court further noted that because Spencer Fane LLP presented evidence indicating there is not complete diversity of citizenship, Stanford must also go beyond allegations and present evidence of complete diversity of citizenship to avoid prompt dismissal of his case. *Id.* at 2 (citing *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994)) (internal citations omitted) ("When a party challenges subject matter jurisdiction, the court is given the authority to resolve factual disputes, along with the discretion to devise a method for making a determination with regard to the jurisdictional issue[,] . . . which may include considering affidavits, allowing further discovery, hearing oral testimony, conducting an evidentiary hearing.").

On April 8, Stanford filed a response to Spencer Fane LLP's Motion to Dismiss. Resp. (ECF No. 21). Stanford continues to assert subject matter jurisdiction based on diversity. *Id.* at 1–2. He contends "Spencer Fane, LLP is Limited Liability Partnership that filed its introductory formation documents in the state of Missouri" and provides the names of the LLP's majority partners. *Id.* at 1. He further asserts that the "Missouri secretary of State cancelled registration for Spencer Fane, LLP for failure to renew[,]" and that, subsequently, "Spencer Fane registered a Foreign Limited Liability Partnership just across the border in Overland Park, Kansas[.]" *Id.* Stanford then presents a list of states where Spencer Fane holds physical offices, including "Arizona, Colorado, Oklahoma, Kansas,

3

Missouri, Nevada, South Carolina, South Dakota, Tennessee, Texas, Utah and Washington D.C[.]" *Id.* at 2. Finally, Stanford concludes "Spencer Fane LLP is a corporation based out of Missouri[,]" based on his application of the well-known "nerve center" test for determining a corporation's principal place of business for diversity jurisdiction purposes. *Id.* (citing *Hertz Corp. v. Friend*, 559 U.S. 77 (2010)).

Spencer Fane LLP filed a Reply to Stanford's Response on April 22 (ECF No. 24). Accordingly, Spencer Fane LLP's Motion to Dismiss is fully briefed and ripe for the Court's consideration.

On April 26, Stanford filed a "Notice of Non-Suit and Motion to Voluntarily Dismissal Without Prejudice" (ECF No. 25), in which he invokes Texas Rule of Civil Procedure 162 and Federal Rule of Civil Procedure 41(a)(2). Mot. 1, 4. Stanford also references two state court actions and unspecified "'findings' of the US Magistrate Judge." *Id.* 2. But as of April 30, Stanford has failed to comply with the Court's orders to file an amended complaint affirmatively and adequately pleading diversity jurisdiction.

**Legal Standard**

Federal courts are courts of limited jurisdiction; "[t]hey possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Unless otherwise provided by

4

statute, federal subject matter jurisdiction requires: 1) an action "arising under the Constitution, laws, or treaties of the United States," *see* 28 U.S.C. § 1331, (federal question jurisdiction); or 2) complete diversity of citizenship between adverse parties combined with an amount in controversy exceeding $75,000, *see* 28 U.S.C. § 1332, (diversity jurisdiction).

In cases invoking diversity jurisdiction, like this one, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a), (b). "The basis for diversity jurisdiction must be 'distinctly and affirmatively alleged.'" *Dos Santos v. Belmere Ltd. P'ship*, 516 F. App'x 401, 403 (5th Cir. 2013) (per curiam). "'The failure to adequately allege the basis for diversity jurisdiction mandates dismissal.'" *Id.* (quoting *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991)).

While pleadings by *pro se* plaintiffs are construed liberally, *see, e.g.*, *Perez v. United States*, 312 F.3d 191, 194–95 (5th Cir. 2002); *Mass v. McDonald's Corp.*, 2004 WL 2624255, at *2 (N.D. Tex. Nov. 12, 2004), the court "must presume that a suit lies outside [its] limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins.*, 243 F.3d 912, 916 (5th Cir. 2001) (citations omitted). And "even though a particular statute or rule need not necessarily be cited by name[,]" the party asserting jurisdiction

5

must allege the jurisdictional basis "affirmatively and distinctly"; jurisdiction cannot be "established argumentatively or by mere inference." *Ill. Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 (5th Cir. 1983) (citations omitted). "[C]ourts are not obligated to search out the identity of a party's vaguely-pleaded claims." *Mass,* 2004 WL 2624255, at *2. Ultimately, "[t]he plaintiff is the master of his own pleadings, and even a *pro se* litigant has the right to plead himself out of court, just as an attorney may do." *Estrada v. Dominguez*, 2001 WL 506982, at *2 (N.D. Tex. May 14, 2001).

When a Rule 12(b)(1) motion is filed, it will often be filed in conjunction with other Rule 12 motions—then, the court should consider the jurisdictional attack before addressing any attack on the merits. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam). Moreover, where both Rule 12(b)(1) and other 12(b) grounds for dismissal have merit, the court should dismiss only on the jurisdictional ground. *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam). Prioritizing the jurisdictional challenges avoids prematurely dismissing cases with prejudice and thereby allows plaintiffs to pursue their claims in courts with jurisdiction. *Id.*

## Analysis

Stanford has failed to meet his burden to establish federal subject matter jurisdiction. Defendant Spencer Fane, LLP is a limited liability

partnership (LLP), the citizenship of which is determined by the citizenship of each of its partners. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990); *see also Sourcing Mgmt., Inc. v. Simclar, Inc.*, 2015 WL 2212344, at *3 (N.D. Tex. May 12, 2015), on reconsideration, 2015 WL 12791469 (N.D. Tex. July 9, 2015) ("Plaintiff fails to allege the names or citizenship of each partner (general or limited) of the [LLP]."). In Stanford's Complaint, he only alleges that Spencer Fane, LLP is registered and maintains its principal address in the State of Missouri. He does not provide any information about the citizenship of any of the LLP's partners. Thus, Stanford fails to adequately allege diversity of citizenship.

Stanford's Response does not correct the fatal defects in his pleadings, and it certainly does not go beyond the pleadings to present evidence of diversity jurisdiction. Rather, in his Response, Stanford alleges that "Spencer Fane *LLP* is a *corporation*" and adds allegations that the law firm was at one time registered in the state of Kansas, maintains physical offices in Arizona, Colorado, Oklahoma, Kansas, Missouri, Nevada, South Carolina, South Dakota, Tennessee, Texas, Utah and Washington D.C., and has a "nerve center" in Missouri. Resp. 1–2 (ECF No. 21) (attempting to apply the *Hertz* nerve center test). However, there is a fundamental difference between limited liability partnerships and corporations for purposes of establishing citizenship. And ultimately, as the Court warned

7

in its April 5 Order, Stanford fails to set forth the necessary allegations to establish Spencer Fane *LLP's* citizenship.

Additionally, Defendant England Carrier Services, LLC is a limited liability company, the citizenship of which is determined by the citizenship of each of its members. *See Tewari De-Ox Sys., Inc. v. Mountain States/Rosen Liab. Corp.*, 757 F.3d 481, 483 (5th Cir. 2014) ("Because [defendant] is a limited liability company, however, its citizenship is determined by the citizenship of all of its members."). Stanford alleges that England Carrier Services, LLC has one member—Defendant England Logistics, Inc. Compl. ¶ 3 (ECF No. 3). A corporation is a "citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). Stanford does not allege England Logistics, Inc.'s state of incorporation and principal place of business. Relatedly, Stanford also fails to adequately allege the citizenship of Defendant C.R. England, Inc. by failing to allege the corporation's state of incorporation and principal place of business. Stanford does not address England Carrier Services, LLC, England Logistics, Inc., or C.R. England, Inc.'s citizenship at all in his Response.

Defendant nFusion Capital Finance, LLC is also a limited liability company, the citizenship of which is determined by the citizenship of each of its members. *See Tewari*, 757 F.3d at 483. But again, Stanford does not

allege the citizenship of any of nFusion's members anywhere in his Complaint or Response.

In addition to failing to adequately allege each Defendant's citizenship, Stanford does not properly allege his own citizenship for diversity purposes. Specifically, Stanford only states that he is a "resident" of the State of Texas. *See* Compl. ¶ 1 (ECF No. 3). But it is well established that alleging residency does not equate to alleging an individual's domicile as required for an individual's citizenship.[1] *See MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) (quoting *Robertson v. Cease*, 97 U.S. 646, 648 (1878) and then *Texas v. Florida*, 306 U.S. 398, 424 (1939)) ("'[C]itizenship and residence, as often declared by this court, are not synonymous terms.' Citizenship requires not only '[r]esidence in fact' but also 'the purpose to make the place of residence one's home.'"); *Dos Santos v. Belmere Ltd. P'ship*, 516 F. App'x 401, 403 (5th Cir. 2013) (quoting *Coury v. Prot,* 85 F.3d 244, 250 (5th Cir.1996))

---

[1] The Court notes that the affidavit Spencer Fane LLP submitted in support of its Motion to Dismiss asserts Nelson's *residency*, as opposed to Nelson's *citizenship* for diversity purposes. *See MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) (quoting *Robertson v. Cease*, 97 U.S. 646, 648 (1878) and then *Texas v. Florida*, 306 U.S. 398, 424 (1939)) ("'[C]itizenship and residence, as often declared by this court, are not synonymous terms.' Citizenship requires not only '[r]esidence in fact' but also 'the purpose to make the place of residence one's home.'"). However, it is Stanford's burden to establish diversity jurisdiction, and not Defendant's burden to disprove diversity.

("A change in domicile requires: '(1) physical presence at the new location and (2) an intention to remain there indefinitely.'").

In sum, Stanford does not adequately allege the citizenship of any of the parties to this action—including each Defendant's citizenship and his own citizenship. He thus fails to adequately allege diversity subject matter jurisdiction. Stanford does not meet his burden to establish that this Court of limited jurisdiction has the power to hear his case. The District Judge should therefore dismiss this action without prejudice.

## Recommendation

For the reasons set forth above, the District Judge should DISMISS all of Stanford's claims without prejudice for lack of subject matter jurisdiction. Because the Court lacks jurisdiction over Stanford's claims, the District Judge should pretermit consideration of any other pending motion, including Stanford's Motion for Summary Judgment (ECF No. 22) and motion seeking a voluntary dismissal without prejudice (ECF No. 25).

**SO RECOMMENDED.**

April 30, 2024.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## **INSTRUCTIONS FOR SERVICE AND**
## **NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).